UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MATTHEW RITTER, | 3:12-cv-00194-LRH-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| MIKE MARSHOWSKI, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's pro-se complaint (Doc. # 5)[1], which the court will now re-screen following the Ninth Circuit's reversal and remand of the court's prior order dismissing this action with prejudice. (*See* Doc. # 14.)

## I. SCREENING-LEGAL STANDARD

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same

---

[1] Refers to court's docket number.

standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## II. DISCUSSION

**A. Allegations**

In his Complaint, Plaintiff names the following defendants from the Elko Police Department: Mike Marshowski, Captain Arron Hughes, Aaron Hildreth, Tyler Spring and Nick

Galeti. (Doc. # 1-1 at 2-3.) Plaintiff alleges that he was pulled over on March 12, 2006 by Officer Marshowski, and was placed under arrest in connection with a misdemeanor warrant. (*Id*. at 4.) He claims Officer Marshowski asked him about drug crimes and called a K-9 Unit to search Plaintiff twice, before Plaintiff was placed in Officer Marshowski's patrol car. (*Id*.) Plaintiff was then transported to the Elko County Jail. (*Id*. at 3.)

Later that month, Officer Marshowski accused Plaintiff of placing a pound of methamphetamine in and under the front seat of the patrol car, and Plaintiff was subsequently charged with one count of level three drug trafficking, a schedule one felony. (*Id*. at 4.) He contends that Officer Marshowski fabricated the physical evidence in the car and police reports that resulted in his being bound over for trial, and ultimately convicted by a jury in 2008. (*Id*.) Plaintiff claims he was exonerated from this conviction in 2010. (*Id*.)

**B. Colorable Claims Against Officer Marshowski**

Plaintiff states colorable claims for violation of his Fourth and Fourteenth Amendment rights against Officer Marshowski, including false arrest and false imprisonment, malicious prosecution and fabrication of evidence. *See Wallace v. Kato,* 549 U.S. 384, 388-390 (2007) (recognizing claims for false arrest and false imprisonment under section 1983) [2]; *Maxwell v. Roe*, 628 F.3d 486, 507 (9th Cir. 2010), *cert. denied*, 132 S.Ct. 611 (Jan. 9, 2012) (conviction based on false evidence violates due process rights); *Devereaux v. Abbey*, 263 F.3d 1070, 1074-

---

[2] In *Wallace*, the Supreme Court noted that it had not decided, and declined to decide, whether a malicious prosecution claim is cognizable under section 1983. *Wallace*, 549 U.S. at 390, n. 2. Assuming that it was cognizable, the Court found the petitioner had not made such a claim. *Id. See also Albright v. Oliver*, 510 U.S. 266, 275 (1994) (Supreme Court did not take a position on whether a claim for malicious prosecution can be brought under the Fourth Amendment via section 1983). The Ninth Circuit has not expressly weighed in on whether a section 1983 federal claim for malicious prosecution can be brought under the Fourth Amendment; but implicitly recognized such a claim in *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1068-1069 (9th Cir. 2004) (citations omitted) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'") ("Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct taken in bad faith."). In addition, most federal appellate courts have recognized such a claim. *See e.g., Pitt v. District of Columbia*, 491 F.3d 494 (D.C. Cir. 2007); *Britton v. Maloney*, 196 F.3d 24, 30 (1st Cir. 1999); *Swartz v. Insogna*, 704 F.3d 105 (2d Cir. 2013);*Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007); *Evans v. Chalmers*, 703 F.3d 636, 646 n.2 (4th Cir. 2012), *cert. denied*, 134 S.Ct. 98 (Oct. 7, 2013) and 134 S.Ct. 617 (Nov. 12, 2013); *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010); *Novitsky v. Aurora*, 491 F.3d 1244 (10th Cir. 2007); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). 2004) (emphasis added) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

75 (9th Cir. 2001) (en banc) ("there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government"). The court will address, *infra*, the statute of limitations issued presented by Plaintiff's Complaint.

### C. Claims Against Hughes, Hildreth, Spring or Galeti

Plaintiff's Complaint contains no allegations as to the involvement of defendants Hughes, Hildreth, Spring or Galeti in the asserted violation of his constitutional rights. As such, Plaintiff's claims against defendants Hughes, Hildreth, Spring and Galeti should be dismissed without prejudice and with leave to amend, subject to the court's findings below regarding those claims that are barred by the statute of limitations.

### D. Statute of Limitations

The court will now address the statute of limitations issues presented by the allegations of the Complaint.

#### 1. Statute of Limitations Applicable to Section 1983; Accrual Generally

Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-280. In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years. Nev. Rev. Stat. § 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil v. Titon*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "[T]he accrual date of a § 1983 cause of action is a question of federal law[.]" *Wallace*, 549 U.S. at 388. Accrual occurs "when the plaintiff has a 'complete and present cause of action.'" *Id*. (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

#### 2. False Arrest & False Imprisonment

In the context of a false arrest claim, the statute of limitations begins to run "as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention[.]"*Wallace,* 549 U.S. at 388. As for a false imprisonment claim brought under section

1983, the Supreme Court held that the statute of limitations begins to run "when the alleged false imprisonment ends." *Id*. at 389 (citation and quotation marks omitted). The Court stated that false imprisonment consists of "detention *without legal process*" and as such "ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. (citations omitted) (emphasis original). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id*. at 390 (citations omitted) (emphasis original). In other words: damages for a false imprisonment claim can be sought from the "time of detention up until the issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id*.

Plaintiff alleges that he was convicted by a jury in 2008; therefore, his claims for false arrest and false imprisonment are barred by the statute of limitations, because he filed this action more than two years later, in 2012. Therefore, the false arrest and false imprisonment claims should be dismissed with prejudice.

**3. Due Process-False Evidence**

This claim accrued when the conviction was invalidated, in 2010. *See Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir. 1983) ("Where denial of a fair trial is alleged, the primary injury is the wrongful conviction and resulting incarceration. Such a claim does not accrue until the primary injury complained of occurs")*; see also Lisker v. City of Los Angeles*, No. CV09-09374 AHM (AJWx), 2013 WL 1276047, at * 35 (C.D. Cal. Feb. 4, 2013) (noting that *Wallace* applied only to false arrest and imprisonment claims). The Complaint does not allege the exact date the conviction was invalidated; therefore, for screening purposes, it appears that this claim should proceed.

**4. Malicious Prosecution**

As indicated, *supra*, the malicious prosecution claim runs from the time process was issued (*i.e.* at the arraignment) forward. *See Wallace*, 549 U.S. at 390. The issue of when a cause

- 5 -

of action for malicious prosecution under the Fourth Amendment accrues, *i.e.*, on the date of his arrest or when the criminal charges are dismissed, has not been expressly settled. In her concurring opinion in *Albright*, however, Justice Ginsburg discussed this topic and concluded that the statute of limitations for this claim begins to run when the criminal charges are dismissed. *Albright*, 510 U.S. at 280 (Ginsburg, J., concurring). If this is the case, for purposes of screening, it appears this claim was timely filed as Plaintiff alleges that he was exonerated in 2010 and filed this action in 2012.[3]

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) Plaintiff should be permitted to **PROCEED** with his claims under the Fourteenth and Fourth Amendments for fabrication of evidence and malicious prosecution against defendant Marshowski;

(2) Plaintiff's claims of false arrest and false imprisonment should be **DISMISSED WITH PREJUDICE**;

(3) Plaintiff's claims Fourteenth and Fourth Amendments for fabrication of evidence and malicious prosecution against defendants Hughes, Hildreth, Spring and Galeti should be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**;

(4) Plaintiff should be given **THIRTY DAYS FROM THE DATE OF AN ORDER ADOPTING THIS REPORT AND RECOMMENDATION** to file an Amended Complaint correcting the deficiencies noted with respect to defendants Hughes, Hildreth, Spring and Galeti. Plaintiff should be advised that any amended complaint shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and shall place the case number above the words "AMENDED COMPLAINT" in the space for "Case No." Plaintiff should be cautioned that if he fails to file an amended complaint within the time period specified above, the claims against

---

[3] Again, the Complaint does not allege the exact date of the exoneration.

these defendants will be dismissed.

(5) The issue of service will be addressed once the deadline for filing the amended complaint runs, or Plaintiff files an amended complaint, whichever occurs first.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

Dated: October 31, 2014.

*William G. Cobb* (signature)
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE