UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW RITTER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MIKE MARSHOWSKI, et. al.,<br><br>　　　　　　　　　　Defendants. | 3:12-cv-00194-LRH-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's amended complaint. (Doc. # 28.)[1]

### **I. BACKGROUND AND SCREENING**

　　　The court re-screened Plaintiff's original pro se complaint following the Ninth Circuit's reversal and remand of the prior order dismissing this action with prejudice. (*See* Report & Recommendation, Doc. # 18; Order adopting, Doc. # 23.)

　　　In the complaint, Plaintiff named the following defendants from the Elko Police Department: Mike Marshowski, Captain Aaron Hughes, Aaron Hildreth, Tyler Spring and Nick Galleti. (Doc. # 1-1 at 2-3.) Plaintiff alleged that he was pulled over on March 12, 2006, by Officer Marshowski and was placed under arrest in connection with a misdemeanor warrant. (*Id.* at 4.) He claimed that Marshowski asked him about drug crimes and called a K-9 unit to search Plaintiff twice before he was placed in Marshowski's patrol car. (*Id.*) He was then transported to Elko County Jail. (*Id.* at 3.)

---

[1] Refers to court's docket number.

1            Later that month, Marshowski accused Plaintiff of placing a pound of methamphetamine
2    in and under the front seat of the patrol car, and Plaintiff was subsequently charged with one
3    count of level three drug trafficking, a schedule one felony. (*Id*. at 4.) He contends that
4    Marshowski fabricated the physical evidence in the car and police reports that resulted in his
5    being bound over for trial, and ultimately convicted by a jury in 2008. (*Id*.) Plaintiff claims he
6    was exonerated from this conviction in 2010. (*Id*.)
7            The court determined that Plaintiff stated colorable claims for violation of his Fourth and
8    Fourteenth Amendment rights against Marshowski, including false arrest and false
9    imprisonment, malicious prosecution and fabrication of evidence. (Doc. # 18 at 3; Doc. # 23.)
10   Nevertheless, the court found Plaintiff's false arrest and false imprisonment claims were barred
11   by the statute of limitations. (Doc. # 18 at 4-5.) Plaintiff was allowed to proceed with his false
12   evidence and malicious prosecution claims. (Doc. # 18 at 5.)
13           The complaint contained no allegations as to the involvement of Hughes, Hildreth, Spring
14   or Galleti, and the court dismissed the action against these defendants with leave to amend,
15   except as to those claims the court found to be barred by the applicable statute of limitations.
16   (Doc. # 18 at 4.)
17           In sum, Plaintiff was allowed to proceed with his claims under the Fourteenth
18   Amendment and Fourth Amendment for fabrication of evidence and malicious prosecution
19   against Marshowski. (*Id*. at 6; Doc. # 23.) He was given leave to amend as to these claims
20   against Hughes, Hildreth, Spring and Galleti. (*Id*.) The claims for false arrest and imprisonment
21   were dismissed with prejudice. (*Id*.)
22           On May 26, 2015, Plaintiff filed an amended complaint which the court will now screen
23   pursuant to the standard set forth in the previous screening orders. (Doc. # 28.) In the amended
24   complaint, Plaintiff names the city of Elko and Elko County as well as Mike Marshowski, Aaron
25   Hughes, Aaron Hildreth, Tyler Springs, Nick Galleti, and Officer Gensel, and alleges claims
26   under the Fourth and Fourteenth Amendments for fabrication of evidence and malicious
27   prosecution. (*Id*. at 1.) Plaintiff again alleges that he was arrested by Marshowski on March 12,
28   2006 on a misdemeanor warrant, was searched twice and placed in Marshowski's patrol car and

1  taken to the Elko County Jail. (*Id*. at 3.) One year later he was arrested for a level three drug
2  trafficking offense related to a pound of methamphetamine allegedly found under the front seat
3  of Marshowski's patrol car on March 12, 2006. (*Id*.) Plaintiff was tried, and alleges that
4  Marshowski and the other defendants gave false evidence to the jury, which resulted in Plaintiff
5  being found guilty and sentenced to twenty-five years. (*Id*., 5) Plaintiff asserts he did not commit
6  the crime and was released in 2010. (*Id*. at 3.)

7  Plaintiff alleges that Aaron Hughes was the captain of the Elko Police Department. (*Id*. at
8  6.) Plaintiff contends that after Marshowski discovered a gallon-sized Zip Lock bag of
9  methamphetamine in his patrol car, he walked it over to Plaintiff's car and "tried to put
10 secondary DNA transfer on the bag." (*Id*.) Plaintiff claims that he went to the Elko Police
11 Department on March 13, 2006, to get his imprisoned car out, and upon entering the jail, Aaron
12 Hughes told Plaintiff about a bag of drugs being found in the car and told Plaintiff he would
13 make sure Plaintiff's DNA was found on the drugs. (*Id*.)

14 Plaintiff alleges that Aaron Hildreth along with the other defendants went out on the night
15 of March 13, 2006, and followed Plaintiff, and then made up evidence that Plaintiff was trying to
16 follow the police car to get his drugs back, and subsequently testified falsely to this effect at
17 Plaintiff's trial. (*Id*. at 7.)

18 Plaintiff avers that Nick Galleti was conducting a search of Plaintiff's vehicle pursuant to
19 a warrant on March 13, 2006, in the rear parking lot of the Elko Police Department when
20 Marshowski walked over to Plaintiff's car with the drugs and rubbed it on the seat of Plaintiff's
21 vehicle and on their gloves in order to obtain Plaintiff's DNA on the drugs. (*Id*. at 8.) He alleges
22 that Galleti subsequently admitted this to him. (*Id*.)

23 Plaintiff contends that Officer Gensel wrote false statements and testified falsely to the
24 jury that Plaintiff was staking out the police department to break in and obtain the drugs. (*Id*. at
25 9.)

26 Finally, Plaintiff avers that Elko and Elko County oversee and run the Elko Police
27 Department and Sheriff's Office. (*Id*. at 4.)

28

Plaintiff states colorable claims for violations of his Fourth and Fourteenth Amendment rights including malicious prosecution and fabrication of evidence against Marshowski, Hughes, Hildreth, Galleti, and Gensel. *See Maxwell v. Roe*, 628 F.3d 486, 507 (9th Cir. 2010), *cert. denied,* 132 S.Ct. 611 (Jan. 9, 2012) (conviction based on false evidence violates due process rights); *Devereaux v. Abbey*, 263 F.3d 1070, 1074-1075 (9th Cir. 2001) (en banc) ("there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government"); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068-69 (9th Cir. 2004) (recognizing malicious prosecution claim: "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right'" and "[a]mong the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct taken in bad faith").

The amended complaint contains no allegations against Tyler Springs; therefore, he should be dismissed from this action. The dismissal should be with prejudice because Plaintiff has already had an opportunity to include allegations as to this defendant and failed to do so.

The court will now address Plaintiff's inclusion of Elko and Elko County as defendants in the amended complaint. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights. 42 U.S.C. § 1983. The Supreme Court has construed the term "persons" to include municipalities such as a county or city. *Castro v. County of Los Angeles*, 2015 WL 198146, at * 10 (9th Cir. May 1, 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). "A municipality is responsible for a constitutional violation, however, only when an 'action [taken] pursuant to [an] official policy of some nature' caused the violation." *Id*. (citing *Monell*, 436 U.S. at 691). "This means that a municipality is *not liable* under § 1983 based on the common-law tort theory of respondeat superior." *Id*. "On the other hand, the official municipal policy in question

may be either formal or informal." *Id. (*emphasis original*) (*citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1989)).

"A formal policy exists when 'a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id*. (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "When pursing a *Monell* claim stemming from a formal policy, a plaintiff must prove that the municipality 'acted with the state of mind required to prove the underlying violation.'" *Id*. (quoting *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143-44 (9th Cir. 2012)).

"An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *Id*. (quoting *Praprotnik*, 485 U.S. at 127). "Such a practice, however, cannot ordinarily be established by a single constitutional deprivation, a random act, or an isolated event." *Id*. (quoting *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). "Instead, a plaintiff … must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was 'so permanent and well settled' as to carry the force of law." *Id*. (citing *Praprotnik*, 485 U.S. at 127).

Here, Plaintiff has merely alleged that Elko and Elko County oversee the Elko Police Department and Sheriff's Office. (Doc. # 28 at 4.) He includes no allegation that the individual defendants acted pursuant to a policy, custom or practice of Elko or Elko County. Therefore, Elko and Elko County should be dismissed from this action. The dismissal should be with leave to amend as it is not clear at this time that Plaintiff cannot cure the noted deficiency with respect to Elko and Elko County.

## II. RECOMMENDATION

(1) Plaintiff should be permitted to **PROCEED** on the amended complaint with his claims for violations of his Fourth and Fourteenth Amendment rights including malicious

1    prosecution and fabrication of evidence against Marshowski, Hughes, Hildreth, Galleti, and
2    Gensel;
3        (2) Tyler Springs should be **<u>DISMISSED</u>** from this action **<u>WITH PREJUDICE</u>**;
4        (3) Elko and Elko County should be **<u>DISMISSED</u>** from this action **<u>WITH LEAVE TO
5    AMEND</u>**. In the event this report and recommendation is adopted and accepted by the district
6    judge, Plaintiff should be given Plaintiff thirty days to file a second amended complaint to cure
7    the deficiencies noted with respect to Elko and Elko County. It should be made clear that
8    Plaintiff is not given leave to amend in any other respect. Plaintiff should be advised that the
9    second amended complaint shall be complete in and of itself without reference to any previous
10   complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried
11   forward in the second amended complaint will no longer be before the court. Plaintiff shall
12   clearly title the amended pleading as the second amended complaint by placing the words
13   "SECOND AMENDED COMPLAINT" on page 1 in the caption, and shall place the case
14   number above that title. Plaintiff should be cautioned that if he fails to file an amended complaint
15   within the time period specified above, the claims against Elko and Elko County will be
16   dismissed with prejudice and the action will proceed on the amended complaint.
17       (4) The issue of service shall be addressed once the deadline for filing the amended
18   complaint runs, or Plaintiff files an amended complaint, whichever occurs first.
19       The parties should be aware of the following:
20       1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
21   this Report and Recommendation within fourteen days of receipt. These objections should be
22   titled "Objections to Magistrate Judge's Report and Recommendation" and should be
23   accompanied by points and authorities for consideration by the district judge.
24       2. That this Report and Recommendation is not an appealable order and that any notice of
25   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
26   until entry of judgment by the district court.
27   DATED:  June 2, 2015.
28                                                 WILLIAM G. COBB
                                              UNITED STATES MAGISTRATE JUDGE