UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW RITTER,<br><br>                               Plaintiff,<br><br>     v.<br><br>MIKE MARSHOWSKI, et. al.,<br><br>                               Defendants. | Case No. 3:12-cv-00194-LRH-WGC<br><br>**ORDER** |

Before the court is Plaintiff's pro se Second Amended Complaint (ECF No. 33), which the court screens pursuant to 28 U.S.C. § 1915.[1]

## **I. BACKGROUND**

The court re-screened Plaintiff's original pro se complaint following the Ninth Circuit's reversal and remand of the prior order dismissing this action with prejudice. (*See* Report & Recommendation, Doc. # 18; Order adopting, Doc. # 23.)

Plaintiff's original Complaint named the following defendants from the Elko Police Department: Mike Marshowski, Captain Aaron Hughes, Aaron Hildreth, Tyler Spring, and Nick Galleti. (ECF No. 1-1 at 2-3.) Plaintiff alleges he was pulled over on March 12, 2006 by Officer Marshowski, and was placed under arrest in connection with a misdemeanor warrant. (*Id*. at 4.) He claims Officer Marshowski asked him about drug crimes and called a K-9 unit to search Plaintiff twice before he was placed in Officer Marshowski's patrol car. (*Id*.) He was transported to the Elko County Jail. (*Id*. at 3.) Later that month, Plaintiff contends that Officer Marshowski accused Plaintiff of placing a pound of methamphetamine in and under the front seat of the patrol car, and Plaintiff was subsequently charged with one count of level three drug trafficking, a schedule one felony. (*Id*. at 4.) He alleges that Officer Marshowski fabricated the physical

---

[1] Refers to court's docket number.

1  evidence in the car and police reports that resulted in his being bound over for trial, and
2  ultimately convicted by a jury in 2008. (*Id*.) He claims he was exonerated of his conviction in
3  2010. (*Id*.)

4  In re-screening the Complaint, the court concluded that while Plaintiff states colorable
5  claims for false arrest and false imprisonment (ECF No. 18 at 4, ECF No. 23), these claims are
6  barred by the statute of limitations, and were dismissed with prejudice. (ECF No. 18 at 4-5, ECF
7  No. 23.)

8  Plaintiff was allowed to proceed with his claims of malicious prosecution and fabrication
9  of evidence under the Fourth and Fourteenth Amendments against Marshowski. (ECF No. 18 at
10 4-6, ECF No. 23.) The Complaint contained no allegations against Hughes, Hildreth, Springs or
11 Galleti; therefore, they were dismissed with leave to amend. (ECF No. 18 at 4.)

12 Plaintiff filed an Amended Complaint. (ECF No. 28.) The Amended Complaint named
13 the City of Elko and Elko County along with Mike Marshowski, Aaron Hughes, Aaron Hildreth,
14 Tyler Springs, Nick Galleti, and Officer Gensel, and alleged the claims for fabrication of
15 evidence and malicious prosecution under the Fourth and Fourteenth Amendments. (ECF No. 28
16 at 1.) Plaintiff again alleged that he was arrested by Officer Marshowski on March 12, 2006, on a
17 misdemeanor warrant, was searched twice and placed in Officer Marshowski's patrol car and
18 taken to the Elko County Jail. (*Id*. at 3.) One year later he was arrested for a level three drug
19 trafficking offense related to a pound of methamphetamine allegedly found under the front seat
20 of Officer Marshowski's patrol car on March 12, 2006. (*Id*.) Plaintiff was tried, and alleges that
21 Marshowski and the other defendants gave false evidence to the jury which resulted in Plaintiff
22 being found guilty and sentenced to twenty-five years in prison. (*Id*. at 3, 5.) Plaintiff asserts that
23 he did not commit the crime and was released in 2010. (*Id*.)

24 He avers that Aaron Hughes was the captain of the Elko Police Department. (*Id*. at 6.) He
25 contends that after Marshowski discovered a gallon-sized Zip Lock bag of methamphetamine in
26 his patrol car, he walked it over to Plaintiff's car (which had been impounded) and "tried to put
27 secondary DNA transfer on the bag." (*Id*.) Plaintiff claims that he went to the Elko Police
28 Department on March 13, 2006, to get his car out, and upon entering the jail, Hughes told

1  Plaintiff about a bag of drugs being found in the car and told Plaintiff he would make sure
2  Plaintiff's DNA was found on the drugs. (*Id*.)
3        Plaintiff alleges that Hildreth, along with the other defendants, went out on the night of
4  March 13, 2006, and followed Plaintiff, and made up evidence that he was trying to follow the
5  police car to get his drugs back, and subsequently testified to this effect at Plaintiff's trial. (*Id*. at
6  7.)
7        Plaintiff avers that Galleti was conducting a search of Plaintiff's vehicle pursuant to a
8  warrant on March 13, 2006, in the rear parking lot of the Elko Police Department, when
9  Marshowski walked over to Plaintiff's car with the drugs and rubbed it on the seat of Plaintiff's
10 vehicle and on their gloves to obtain Plaintiff's DNA on the drugs. (*Id*. at 8.) He alleges that
11 Galleti subsequently admitted this to him. (*Id*.)
12       Plaintiff alleges that Gensel wrote false statements and testified falsely to the jury that
13 Plaintiff was staking out the police department to break in and obtain the drugs. (*Id*. at 9.)
14       Finally, Plaintiff avers that Elko and Elko County oversee and run the Elko Police
15 Department and Sheriff's Office. (*Id*. at 4.)
16       In screening the Amended Complaint, the court concluded Plaintiff stated colorable
17 claims for malicious prosecution and fabrication of evidence under the Fourth and Fourteenth
18 Amendments against Marshowski, Hughes, Hildreth, Galleti, and Gensel. (ECF No. 29 at 4.) The
19 Amended Complaint contained no allegations against Springs; therefore, he was dismissed with
20 prejudice. (ECF No. 29 at 4; ECF No. 30.) As to Elko and Elko County, the court concluded
21 Plaintiff failed to allege that the individual defendants acted pursuant to a policy, custom or
22 practice of Elko or Elko County, to establish liability against the municipal defendants; therefore,
23 Elko and Elko County were dismissed with leave to amend. (ECF No. 29 at 4-5; ECF No. 30.)
24       Plaintiff subsequently filed a Second Amended Complaint. (ECF No. 33.) The Second
25 Amended Complaint names Elko and Elko County, Marshowski, Hughes, Hildreth, Springs,
26 Galleti, and Gensel. (*Id*. at 1.) Plaintiff repeats the underlying factual allegations concerning his
27 arrest, conviction and subsequent release against the individual defendants. (*Id*. at 3, 5-9.) With
28 respect to Elko and Elko County, Plaintiff alleges the following:

>Elko county & city for overseeing and implementing a policy or standard operating procedure that was a direct result of plaintiffs violations of civil rights. The following defendants did not follow policy resulting in plaintiffs civil rights violations. Their failure to do the SOP or written policy of the county & city.

(ECF No. 33 at 4.)

## II. SCREENING

Plaintiff may still proceed with his claims for malicious prosecution and fabrication of evidence under the Fourth and Fourteenth Amendments as to defendants Marshowski, Hughes, Hildreth, Galleti, and Gensel. While Plaintiff names Springs in the caption, the Second Amended Complaint contains no substantive allegations against him; therefore, the court's order dismissing Springs with prejudice stands.

The court will now screen his claims against Elko and Elko County.

"Municipalities may be held directly liable for constitutional violations under 42 U.S.C. § 1983, but they 'cannot be held liable ... on a respondeat superior theory.'" *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 91 (1978)). That is to say, a municipality cannot be held liable only because it employs a person who allegedly violated the Constitution. *Monell*, 436 U.S. at 691. Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury." *Id.* (citation and internal quotation marks omitted). A municipality can be held liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where the action is made "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. Under *Monell*, a local government body can be held liable under § 1983 for policies of inaction as well as policies of action. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185-86 (9th Cir. 2002). "A policy of action is one in which the government body itself violates someone's constitutional rights, or instructs its employees to do so; a policy of inaction is based on a government body's 'failure to implement procedural

safeguards to prevent constitutional violations.'" *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014) (quoting *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)).

A plaintiff seeking to impose liability on a municipality under § 1983 must set forth "'sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). In addition, "'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Id*.

Here, Plaintiff alleges that the City of Elko and Elko County oversaw and implemented a policy or standard operating procedure that "was a direct result of plaintiffs violations of civil rights." At the same time, he alleges that the individual defendants did not follow the policies, and their failure to do so resulted in his civil rights being violated.

These allegations are inconsistent. On the one hand, Plaintiff alleges that Elko and Elko County have a policy (or policies) that resulted in Plaintiff's civil rights being violated, but fails to identify any policy(ies). On the other hand, Plaintiff appears to allege that it was the individual defendants' failure to follow the policies of Elko and Elko County that resulted in his civil rights being violated, in which case the Elko and Elko County would not be liable.

Plaintiff is given one final opportunity to amend only with respect to his claims against Elko and Elko County. To be clear, if Plaintiff is asserting that it is the policy(ies) of the City and County that resulted in his civil rights being violated, he must state this and *identify* (by including *factual* allegations) what policy(ies) of Elko and Elko County resulted in the violation of his civil rights. If, on the other hand, Plaintiff is alleging that his civil rights were violated because the individual defendants failed to follow policies of Elko and Elko County, he may not maintain a claim against Elko and Elko County because they may only be liable under *Monell* if their policies or customs caused the alleged constitutional violations. An allegation that the individual defendants failed to follow the municipality's policies and procedures resulted in the constitutional violation  negates municipal liability under *Monell* as the individual defendant's

actions, and not municipal policies, would not have caused the constitutional violation. If the latter is the case, Plaintiff should simply notify the court, and the court will issue an order that the claims will proceed as stated in the order screening the Amended Complaint, *i.e.*, the malicious prosecution and false evidence claims against the individual defendants only.

## **CONCLUSION**

(1) Plaintiff has **THIRTY DAYS** from the date of this Order to file a Third Amended Complaint to cure the deficiencies noted with respect to Elko and Elko County. Plaintiff is not given leave to amend in any other respect. This means that Plaintiff may not add any other parties or allegations. If Plaintiff is asserting that it is the policies of the City and County that resulted in his civil rights being violated, he must state this and *identify* by including *factual* allegations what policies of the City and County resulted in the violation of his civil rights. If, on the other hand, Plaintiff is alleging that his civil rights were violated because the individual defendants failed to follow policies of the City and County, he may not maintain a claim against the City and County. If this is the case, Plaintiff should simply notify the court within the thirty day timeframe.

(2) If Plaintiff opts to file a Third Amended Complaint, it shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the second amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading by placing the words "THIRD AMENDED COMPLAINT" on page 1 of the caption, and shall place the case number above that title. If Plaintiff fails to file an amended complaint within the thirty days, or notifies the court that he does not wish to pursue his claims against Elko and Elko County, the court will dismiss Elko and Elko County, and the action will proceed with the claims of malicious prosecution and fabrication of evidence under the Fourth and Fourteenth Amendments against Marshowski, Hughes, Hildreth, Galleti, and Gensel only.

(3) The court's order dismissing Springs with prejudice stands. If Plaintiff opts to file a Third Amended Complaint, he shall remove Mr. Springs from the pleading.

(4) The issue of service will be addressed once the deadline for filing the Third Amended Complaint runs, Plaintiff files a Third Amended Complaint, or advises the court he does not wish to pursue his claims against Elko and Elko County, whichever occurs first.

**IT IS SO ORDERED**.

DATED: March 4, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE