**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MATTHEW RITTER,<br><br>                Plaintiff,<br><br>v.<br><br>MIKE MARSHOWSKI, *et al.*,<br><br>                Defendants. | 3:12-CV-0194-LRH-VPC<br><br><br><br>**ORDER** |

Before the court is the motion of defendants, Mike Marshowski, Richard Gensel, Aaron Hildreth, and Aaron Hughes ("defendants"), appearing specially, to quash service of process (ECF No. 45). Plaintiff did not file a timely opposition; therefore, defendants filed their reply and asked that the motion be granted for that reason (ECF No. 50). Plaintiff then filed an untimely response (ECF No. 51) to which defendants filed a supplemental reply (ECF No. 53).

Defendants' motion to quash also drew plaintiff's motion to the court for status of served defendants (ECF No. 49) and a motion for appointment of counsel (ECF No. 52).

**I.     Procedural History**

     *A.     Screening of Section 1983 Inmate Complaints*

There are approximately 3,000 civil cases filed in the U.S. District Court for the District of Nevada every year, and about thirty-two percent of these cases are filed by inmates. Habeas and prisoner petitions make up about ten percent of that amount, and the remaining twenty-two percent are Section 1983 cases, which challenge conditions of confinement in state, county, and local detention centers.

The court employs staff attorneys to assist the court with this significant, complex caseload. Staff attorneys must screen every inmate case to determine whether the inmate states a colorable civil rights claim. The staff attorney and, ultimately, the court decide (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the alleged violation was committed by a person "acting under color of law." This means the named defendant is

employed by a city, county, or state entity and that the alleged wrongful acts occurred while that person was acting on behalf of the city, county, or state entity. If the complaint passes screening, the case proceeds.

In this action, the plaintiff's initial complaint was screened and dismissed with prejudice (ECF No. 8). Plaintiff appealed, and the Ninth Circuit Court of Appeals reversed and remanded the case back to the District Court (ECF No. 16). The court re-screened plaintiff's complaint and allowed certain claims to proceed and dismissed others without prejudice (ECF No. 23). Plaintiff filed an amended complaint (ECF No. 28), which the court screened once again, and the District Court allowed certain claims to proceed, dismissed one defendant with prejudice, and gave plaintiff leave to file a second amended complaint to cure the deficiencies as noted in the order (ECF No. 30). Plaintiff filed a second amended complaint (ECF No. 33), which the court once again screened (ECF No. 38). The only claims that were allowed to proceed were the malicious prosecution and fabrication of evidence claims as to the defendants named herein. *Id.* In summary, the court screened plaintiff's initial and amended complaints *four* times.

### B.    Service on Defendants in Section 1983 Cases

Plaintiff is proceeding *in forma pauperis*; therefore, under Fed. R. Civ. P. 4(c)(3), he may rely on the U.S Marshal to effect service of process (ECF No. 38).[1]  Inmates[2] and other *pro se* plaintiffs appearing *in forma pauperis* have virtually no means of effectuating service on defendants in Section 1983 civil rights suits because they cannot obtain information about the personal residences of named defendants, who are typically law enforcement officers or NDOC staff members. It is safe to assume that this group of defendants strongly prefer that inmates or other *pro se* plaintiffs not be given their home addresses for reasons that should be obvious.

An alternative to personal service of these defendants is necessary; otherwise, no Section 1983 inmate case would proceed beyond screening, since the case would be dismissed for failure to effectuate service of process. Fed.R.Civ.P. 4(m). In Section 1983 cases filed against the Nevada Department of Corrections ("NDOC"), the Attorney General's Office typically accepts

---

[1] The court declines to revisit plaintiff's pauper status at this time.

[2] It appears from the docket sheet that plaintiff may no longer be incarcerated.

2

service on behalf of the named defendants. However, if some of the named defendants are no longer employed with the NDOC, the Attorney General's Office so advises the court and provides the last known address of former employee defendants *under seal.* Thereafter, a USM-285 Form is sent to the inmate for completion and mailing to the U.S. Marshal's Service. A U.S. Marshal then attempts service on these defendants at their last known addresses which were filed *under seal.* This protocol protects the privacy of the former NDOC employees, and effectuates service so that the case can proceed.

In Section 1983 cases filed against a city or county entity in this District, the U.S. Marshal's service routinely serves process at the police or sheriff's department where the defendants are or were employed. It is this court's experience that virtually all city and county corrections entities routinely accept service on behalf of their employees for the reasons outlined above. Clearly, the court is not going to deprive an inmate or other pauper plaintiff of his right to proceed with a Section 1983 action because he does not have the wherewithal to personally serve the defendants. This is why Lt. Trouten of the Elko City Police Department received service of defendants Marshowski, Hildreth, and Gensel. Presumably, Lt. Trouten was the person on duty at the time. As for defendant Hughes, who may currently be incarcerated at Lovelock Correctional Center ("LCC"), the U.S. Marshal's Service attempted to effectuate service by leaving the summons and complaint with Connie Campbell, an LCC employee. The U.S. Marshal's Service is not in the habit, nor is it allowed, to serve inmates in their individual cells for safety and security reasons.

**II.    Defendants' Motion to Quash**

The U.S. Marshal's Service delivered service of process to the defendants Marshkowski, Hildreth, and Gensel to Lt. Trouten of the Elko City Police Department. Defendants assert that they did not authorize Lt. Trouten of the Elko City Police Department to accept service on their behalf. The U.S. Marshal's Service delivered service of process on defendant Hughes, who is currently incarcerated at Lovelock Correctional Center ("LCC"), by serving Connie Campbell, an Administrative Aide II at LCC who was stationed at the front desk. Since Mr. Campbell does not "reside" at LCC, defendant Hughes takes the position that service on him was also improper.

3

1       Defendants' motion to quash is denied. This Court, along with the other ninety-three
2  federal District Courts across the nation, effectuates service of process of Section 1983 inmate
3  cases in precisely the manner outlined above for the reasons set forth above.

**III.    Defendants' "Motion to Dismiss"**

Defendants did not file a formal motion to dismiss; rather, they "suggest," for the reasons stated in their papers, that this court should *sua sponte* dismiss this action. This request is procedurally improper, and the court declines defendants' invitation. If there is a basis under Fed.R.Civ.P. 12(b) to seek dismissal of this action, defendants should file a proper motion. Plaintiff will then have an opportunity to oppose, and defendants may reply. These basic rules of procedure apply to inmate Section 1983 actions just as they do to the most complex patent case filed in federal court. To do otherwise would surely invite the plaintiff's second appeal to the Ninth Circuit.

**IV.    Defendants' Request that this Court Re–screen Plaintiff's
         Second Amended Complaint**

Defendants also appear to suggest that the court should simply re-screen plaintiff's complaint a fifth time. The court also declines this invitation. The court has previously ruled that the screening provision in 28 U.S.C. § 1915A does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint. *See Olausen v. Murguia,* No. 3:13-CV-0388-MMD (VPC), 2014 WL 6065622, at *3 (Nov.12, 2014). The Supreme Court has recognized that the Prison Litigation Reform Act ("PLRA") "mandated early judicial screening to reduce the burden of prisoner litigation on the courts." *Jones v. Bock,* 549 U.S. 199, 223 (2007). Construing the PLRA to require court screening of every amended complaint, regardless how long a case have been pending or how far it has proceeded would increase, not reduce, the burden on federal courts. *Olausen,* 2014 WL 6065622, at *4. Defendants are not without recourse; they can file a motion to dismiss.

**V.    Plaintiff's Motion to the Court for Status of Served Defendants (ECF No. 49)
        and Motion for Appointment of Counsel (ECF No. 52)**

Predictably, defendants' motion to quash – as well as the other "informal" requests for relief included in the motion – have drawn two motions from plaintiff. Most plaintiffs in inmate

4

litigation appear *in pro se* because they cannot afford to hire a lawyer to represent them. The process is intimidating and confusing. As a result, plaintiffs may file unnecessary motions or motions that may not be well taken. Here, plaintiff's case has been pending over four years. It has gone up to the Ninth Circuit and back to the District Court, and plaintiff's complaint has been screened four times. Under these circumstances, plaintiff's response is not surprising.

Plaintiff's motion for status of served defendants (ECF No. 49) is denied as moot for the reasons set forth in this order. Plaintiff's motion for appointment of counsel (ECF No. 52) is also denied.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court.

5

**VI. Conclusion**

Based on the foregoing and for good cause appearing, it is hereby ordered as follows:

1. Defendants' motion to quash (ECF No. 45) is **DENIED;**
2. Plaintiff's motion for status of served defendants (ECF No. 49) is **DENIED AS MOOT**; and
3. Plaintiff's motion for appointment of counsel (ECF No. 52) is **DENIED.**

IT IS FURTHER ORDERED that defendants shall answer or otherwise respond to plaintiff's complaint no later than twenty days from this order, or by **Monday, October 17, 2016.**

**IT IS SO ORDERED.**

**DATED**: September 26, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**